UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF NORTH CAROLINA
WINSTON-SALEM DIVISION

| | | |
|---|---|---|
| IN RE: | ) | |
| | ) | |
| Thomas M. Phillips, Jr. and | ) | Case No. 10-51052 |
| Cathryn Elaine Cushing Phillips, | ) | |
| | ) | |
| Debtors. | ) | |

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the Motion for Sanctions against Wachovia Bank, A Division of Wells Fargo Bank, N.A. ("Wells Fargo") for violation of the automatic stay filed by Thomas M. Phillips, Jr. and Cathryn Elaine Cushing Phillips (the "Debtors"). Appearing before the court was Wendell Wes Schollander, III, counsel for the Debtors, Robert E. Price, Jr., counsel for the Bankruptcy Administrator, and Edwin H. Ferguson, Jr., the Chapter 7 Trustee. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(A) and (O). After considering the evidence on record and the arguments of counsel, this Court makes the following findings of fact and conclusions of law pursuant to Rule 7052 of the Federal Rules of Bankruptcy Procedure:

### FINDINGS OF FACTS

On June 7, 2010, the Debtors filed a petition for relief under Chapter 7 of the Bankruptcy Code. At the time of filing, the Debtors had a mortgage with Wells Fargo, for which payments were current, as well as two bank accounts: (1) a checking account ending in *5407 with a balance of $4,563.10, and (2) a checking account ending in *1887 with a balance of $6,925.27 (collectively referred to as the "Bank Accounts"). The Debtors listed both the mortgage and the

Bank Accounts on their schedules and exempted a total of $9,600.00 out of the $11,488.37 in the Bank Accounts.

Upon receiving notice of the filing on June 9, 2010, Wells Fargo checked the balances of the Bank Accounts and assigned them with "bankruptcy status" in its system.  The balances were then pledged to the bankruptcy estate as current owner.  On that same date, Wells Fargo faxed and mailed a letter to the Debtors' attorney indicating that the balance in the Bank Accounts, $11,488.37, was property of the bankruptcy estate with "bankruptcy status," meaning the funds were "no longer available" to the Debtors.  The letter to the Debtors' attorney also stated as follows:

> Wachovia is required by operation of Sections 541 and 542 of the Bankruptcy Code to act in good faith to preserve the Estate Funds and must follow the [T]rustee's direction with regard to the Estate Funds.  Accordingly, Wachovia has asked for instruction from the [T]rustee.  The [T]rustee has 30 days from the First Meeting of Creditors to object to a claim of exemption for the Estate Funds.  Ownership of claimed exempt property remains with the bankruptcy estate until such time elapses or the [T]rustee directs otherwise.

Also on June 9, 2010, Wells Fargo faxed and mailed a letter to the Chapter 7 Trustee notifying him of the Bank Accounts, informing him that the funds had been assigned bankruptcy status such that the funds were payable to him or upon his order, and asking for directions as to how to proceed.  Wells Fargo's correspondence to the Trustee included a form, already populated with the relevant data, on which the Trustee could check the box corresponding to his directions.

On June 10, 2010, the Debtors filed a Motion for Sanctions alleging that Wells Fargo seized exempt property of the estate.  The Debtors served the motion on Wells Fargo by certified mail addressed to the attention of an officer of the institution at its Portland, Oregon office and

2

by first class mail addressed to its office in Des Moines, Iowa.  The Debtors filed a motion to expedite the Motion for Sanctions, which the Court granted, and the Debtors served a copy of the order expediting the hearing on Wells Fargo at both its Portland, Oregon and Des Moines, Iowa addresses.

The Motion for Sanctions was heard by the Court on June 23, 2010.  Wells Fargo did not appear at the hearing and, as of the date of the hearing, the funds had not been released.  At the conclusion of the hearing, the Court took the matter under advisement and allowed the parties 30 days to file briefs.  On June 25, 2010, pursuant to instructions from the Chapter 7 Trustee, Wells Fargo removed the administrative pledge as to the $9,600.00 that the Debtors had claimed as exempt.  Counsel for Wells Fargo filed a notice of appearance in the case on June 28, 2010 and filed an objection and brief on July 23, 2010.

## ANALYSIS

The issue in this case is whether Wells Fargo's administrative freeze on the Debtors' Bank Accounts when it had no right of set-off under 11 U.S.C. § 553 constituted a violation of the automatic stay.  This issue revolves around the interplay between § 542, which governs turnover of property to the estate, and § 362(a)(3), which prohibits any action to obtain possession or exercise control over property of the estate.  Wells Fargo contends that (1) its actions complied with § 542, which required to it make payment to the Trustee or on order of the Trustee, and (2) that it did not exercise control over the Bank Accounts within in the meaning of § 362(a)(3).  Wells Fargo also asserts that the Debtors do not have standing to seek sanctions, since at the time of any alleged violation, the Bank Accounts were property of the estate and any action for sanctions belongs to the Trustee.  As the court finds that Wells Fargo's administrative

3

freeze or "pledge" did not violate the automatic stay, the court will not reach this issue of standing.

Section § 542(b) is applicable in this case and provides as follows:

> **(b)** Except as provided in subsection (c) or (d) of this section, an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee, except to the extent that such debt may be offset under section 553 of this title against a claim against the debtor.

As in all bankruptcy cases, § 362(a) is also applicable in this case and this section prohibits "any act to obtain possession of property of the estate or of property from the estate or to exercise control over property of the estate." 11 U.S.C. § 362(a)(3).

The parties do not dispute that a bank's post-petition administrative freeze on a debtor's bank account is not a per se violation of the automatic stay. The Supreme Court has held that the "the temporary refusal of a creditor to pay a debt that is subject to setoff against a debt owed by the bankrupt" is not a violation of § 362(a)(3) or § 362(a)(6). *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 21 (1995). In *Strumpf*, a Chapter 13 Debtor maintained a bank account with a bank to which the Debtor owed approximately $5,000.00 on a loan in default. *Id*. at 17. Post-petition, the bank placed an administrative hold on the Debtor's account in the amount that the bank asserted it was entitled to as offset. *Id*. at 17-18. The debtor moved to have the bank held in contempt for violating the automatic stay. *Id*. at 18. The Supreme Court found no stay violation, holding that the debtor's bank account was "nothing more or less than a promise to pay, from the bank to the depositor" and the bank's temporary refusal to perform on this promise did not violate § 362(a)(3) or § 362(a)(6). *Id*. at 21 (citing *Bank of Marin v. England*, 385 U.S. 99, 101 (1966); *Keller v. Fredrickston Sav. Institution*, 193 Md. 292, 296 (1949).

Since *Strumpf,* several courts have addressed whether a bank's administrative freeze on a debtor's bank accounts when, as the case is here, the bank has no right of set-off, constitutes a violation of the automatic stay. Three cases are squarely on point with facts identical to those presently before the Court: Wells Fargo placed an administrative freeze on a Chapter 7 debtor's bank accounts pending instructions from the Chapter 7 trustee. *See In re Mwangi,* 432 B.R. 812 (B.A.P. 9th Cir. 2010); *In re Jimenez,* 406 B.R. 935 (D. N.M. 2008)*; In re Calvin*, 329 B.R. 589 (Bankr. S.D. Tex. 2005). Both the *Calvin* and *Jimenez* courts found that Wells Fargo did not take possession or control from the estate in violation of § 362(a)(3) and that Wells Fargo complied with § 542(b) in awaiting direction from the trustee. *In re Jimenez,* 406 B.R. at 946-48; *In re Calvin*, 329 B.R. at 602. Both courts also held that the debtor did not have standing to pursue Wells Fargo for violation of the automatic stay. *In re Jimenez,* 406 B.R. at 945; *In re Calvin*, 329 B.R. at 602. The court in *Mwangi*, however, disagreed with *Jimenez* and *Calvin* on both the issue of standing and the issue of the automatic stay, holding that Wells Fargo did exercise control over property of the estate in violation of § 362(a)(3) by placing an administrative hold on a debtor's bank accounts pending instructions from the Chapter 7 trustee. *In re Mwangi,* 432 B.R. at 825. The *Mwangi* court reasoned that the holding in *Strumpf* was limited to situations in which a bank is protecting a right of setoff. *Id.* at 819.

More generally, a body of case law has emerged in which courts have attempted to delineate the reach of *Strumpf*'s holding beyond its specific set of facts. In doing so, courts have emphasized the importance of the temporary nature of the administrative freeze and the need to seek immediate relief or direction. *See In re Lehman Brothers*, __ B.R. __ 2010 WL 1783395 (Bankr. S.D.N.Y.2010) (holding that an indefinite administrative freeze on an account violated

the automatic stay, even if there is a right to setoff, and that the entity holding the funds must seek immediate relief from the court); *In re Adomah,* 340 B.R. 453 (Bankr. S.D.N.Y. 2006) (holding bank violated the stay by failing to terminate a restraining notice it received from a judgment creditor on a Chapter 7 debtor's bank account and distinguishing it from *Strumpf*, which allows for a brief hold to maintain the status quo while seeking relief). Courts have also distinguished between an act to control and an act to maintain the status quo.  *In re Harchar*, 393 B.R. 160, 177-78 (Bankr. N.D. Ohio 2008) (holding IRS procedures in a bankruptcy setting, which resulted in a delay in the payment of a refund, did not rise to the level of an exercise of control in violation of § 362(a)(3)); *In re Connecticut Pizza, Inc.*, 193 B.R. 217 (Bankr. D. Md. 1996) (comparing Bell Atlantic's refusal to transfer a Chapter 11 debtor's telephone number absent a court order to the administrative freeze by the bank *Strumpf* because it was a temporary act to maintain the status quo).

      This Court finds that Wells Fargo's administrative hold or the "pledge" on the Debtors' Bank Accounts while it awaited directions from the Trustee complied with § 542 and did not violate the automatic stay.  Upon the commencement of the bankruptcy case, the Bank Accounts became property of the estate.  *See* 11 U.S.C. § 541.  While the Debtors did exempt a portion of the Bank Accounts, the time period for the Trustee to object to that exemption had not expired, and the Trustee had not abandoned property.  *See* Fed. R. Bankr. P. 4003 and 11 U.S.C. § 524. The Bank Accounts were at all times payable on order to the Trustee in compliance with § 542(b), which unambiguously provides that "an entity that owes a debt that is property of the estate and that is matured, payable on demand, or payable on order, shall pay such debt to, or on the order of, the trustee."  11 U.S.C. § 542(b).  In fact, as Wells Fargo is quick to point out, if

Wells Fargo did release the funds directly to the Debtors, it could have been liable under § 542 for any decrease in estate funds. *See In re U.S.A. Diversified Products, Inc.*, 196 B.R. 801 (N.D. Ind. 1996) (finding debtor's non-bankruptcy counsel liable under § 542 for $125,000.00 in funds it no longer had in its possession). Here, the Bank Accounts had significant balances, so much so that a portion could not be claimed as exempt. Faced with possible liability if the Bank Accounts were disbursed contrary to the provisions of § 542, Wells Fargo placed an administrative hold on the accounts to indicate they were property of a bankruptcy estate, and it immediately contacted the Trustee via facsimile seeking direction regarding the Bank Accounts. Wells Fargo's administrative hold was temporary refusal to pay the Debtors rather than the Trustee which served to both maintain the status quo and preserve property of the estate for the Trustee. As such, Wells Fargo's actions did not constitute an exercise of control in violation of § 362(a)(3).

Based upon the foregoing, the Debtors' Motion for Sanctions against Wells Fargo for violation of the automatic stay is denied.

IT SO ORDERED.

# SERVICE LIST

Thomas Milton Phillips
Cathryn Elaine Cushing Phillips
Debtors

W. Wes Schollander, III
Attorney for Debtor

James E. Vaughan
Attorney for Wells Fargo Bank

Erik M. Harvey
P. O. Box 3324
Greensboro, NC 27402

Edwin H. Ferguson, Jr.
Trustee

Michael D. West
US Bankruptcy Administrator